# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Thomas Moody

Appellate Case No. 2020-000171

—————

Opinion No. 27961
Submitted March 11, 2020 – Filed April 8, 2020

—————

## RESTITUTION ORDERED

—————

John S. Nichols, Disciplinary Counsel, and Sabrina C. Todd, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

William Thomas Moody, of Pawleys Island, *pro se*.

—————

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.[1]  In the Agreement, Respondent admits misconduct, consents to an order imposing restitution, and consents to payment of the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission).  We accept the Agreement, order Respondent to pay $7,644.50 in restitution, and order Respondent to pay the costs incurred in the investigation and prosecution of this matter.  The facts, as set forth in the Agreement, are as follows:

———

[1] The Court disbarred Respondent in 2014.  *In re Moody*, 410 S.C. 334, 764 S.E.2d 519 (2014).  The conduct in this matter occurred prior to his disbarment and was not the subject of Respondent's disbarment.

## Facts

With the assistance of a previous attorney, Complainants L.B., V.B., and R.P. (the Complainants) filed a civil action against several defendants in connection with a residential building lot on which they hoped to build a home. In late 2010, Respondent began representing the Complainants in the matter and remained their counsel through trial in April 2013.

When Respondent first began representing the Complainants, he accepted a $5,000 deposit, which he placed in his firm's trust account. Over several months, Respondent issued invoices to the Complainants and paid these invoices from the Complainants' trust account funds. In the final two years of the representation, the Complaints paid Respondent as he invoiced them for work already performed. A month before trial, Respondent issued an invoice to the Complainants that included an unpaid prior balance of $644.50, in addition to new charges. No particular invoices were identified as unpaid. In fact, the Complainants had paid all prior invoices, including the two most recent invoices, the sums of which totaled $644.50. The Complainants did not notice the discrepancy and paid the new invoice in full as requested.

The Complainants accepted a $15,000 settlement offer during trial. Respondent paid his firm for his final invoice from the settlement proceeds, but failed to give the Complainants credit for a $3,000 payment made shortly before trial that should have been reflected on the final invoice.

Respondent also issued a $4,000 check to a construction company from the settlement proceeds. The construction company did not perform any work for the Complainants or in relation to their legal matter. A copy of a canceled check shows the preprinted memo line was marked through and the name of another client (Client B), from whom Respondent had misappropriated trust account funds, was handwritten in the memo section.[2] The construction company had performed work for Client B. Respondent did not restore the $4,000 improperly disbursed from the Complainants' trust account funds.

---

[2] The Court's 2014 opinion disbarring Respondent refers to this client as "Client B." *In re Moody*, 410 S.C. at 336, 764 S.E.2d at 520.

## Law

Respondent admits that by failing to properly credit the Complainants for their payment of the two prior invoices totaling $644.50, and by then billing for and accepting payment for those invoices a second time, he charged and collected unreasonable fees in violation of Rule 1.5(a), RPC, Rule 407, SCACR (fees). Respondent also admits he violated Rule 1.5(a), RPC, when he failed to give the Complainants credit for their final $3,000 payment made prior to trial. Respondent further admits that by disbursing $4,000 to Client B from the Complainants' trust account funds, he violated Rules 1.15(d) and (g), RPC, Rule 407, SCACR (safekeeping client property).

Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (violating or attempting to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants the payment of restitution to the Complainants. *See* Rule 7(b)(5), RLDE, Rule 413, SCACR (allowing the sanction of "restitution to persons financially injured, [and] repayment of unearned or inequitable attorney's fees or costs advanced by the client"). Accordingly, we accept the Agreement and order Respondent to pay $7,644.50 in restitution to the Complainants. Additionally, within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission or enter into a reasonable payment plan with the Commission to pay the same.


**RESTITUTION ORDERED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**